IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:18-CR-00001 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| MYLES JORDAN MARICLE PENA, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

## Table of Contents

INTRODUCTION ............................................................................................... 1

ADVISORY GUIDELINES RANGE ........................................................................ 2

DEFENDANT'S BASE OFFENSE LEVEL UNDER USSG §2K2.1(A)(6)(A) ............. 3

TWO-LEVEL ADJUSTMENT UNDER USSG §2K2.1(b)(1)(A) ................................ 4

FOUR-LEVEL ADJUSTMENT UNDER USSG §2K2.1(b)(6)(B) .............................. 5

MITIGATING ROLE ADJUSTMENT UNDER USSG §3B1.2 ................................... 6

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 40 MONTHS' ................... 7

CONCLUSION............................................................................................... 10

**INTRODUCTION**

On January 9, 2018, a grand jury returned an indictment charging Myles Jordan Maricle Pena in Count 4 with Unlawful Possession, Receipt, and Sale of a Stolen Firearm, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2) and in Count 6 with Unlawful User in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2). On March 26, 2018, the defendant pled guilty to Count 4 of the Indictment. Based on recent

1

correspondence with defense counsel, the government believes all disputed issues that affect the advisory guidelines calculations may be resolved at the time of sentencing. The defendant previously lodged the following objections to the Presentence Investigation Report:

(1) The defendant's base offense level is 14 pursuant to USSG §2K2.1(a)(6)(A);

(2) The application of a two-level enhancement under USSG §2K2.1(b)(1)(A) given the defendant's alleged possession of three to seven firearms;

(3) The application of a four-level enhancement under USSG §2K2.1(b)(1)(A) given the defendant's alleged possession of a firearm in connection with another offense; and

(4) Whether or not the defendant is entitled to a mitigating role adjustment under USSG §3B1.2.

## ADVISORY GUIDELINES RANGE

The Pre-Sentence Report correctly calculates the guidelines in this case as follows:

| | |
|---|---|
| Base offense level (§2K2.1(a)(6)(A)) | 14 |
| Three to seven firearms (§2K2.1(b)(1)(A)) | +2 |
| Stolen Firearm (§2K2.1(b)(4)(A)) | +2 |
| Connection to another offense (§2K1.1(b)(6)(B)) | +4 |
| Acceptance | -3 |
| Total offense level | 19 |

Criminal History                III

Guidelines range:               37 to 46 months' imprisonment

## DEFENDANT'S BASE OFFENSE LEVEL IS 14 UNDER USSG §2K2.1(A)(6)(A)

USSG §2K2.1(a)(6) provides for a base offense level of 14 if the defendant "was a prohibited person at the time the defendant committed the instant offense." USSG §2K2.1(a)(6). Under 18 U.S.C. § 922(g)(3), a prohibited person includes one "who is an unlawful user of or addicted to any controlled substance." 18 U.S.C. § 922(g)(3). The term "unlawful user" means,

> a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of a controlled substance during the period of time he possessed the firearm, but the law does not require that he used the controlled substance at the precise time he possessed the firearm. An inference that the person is a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed.

Model Crim. Jury Instr. 8th Cir. 6.18.922(g)(3).

At the time the defendant engaged in the relevant criminal conduct he was an unlawful user of controlled substances and as such was prohibited from possessing firearms under 18 U.S.C. § 922(g)(3). The PSR is replete with evidence of the defendant's repeated and continual drug use. During the course of this investigation, law enforcement located social media posts of the defendant displaying what appeared to be marijuana along with a silver handgun with a green laser. PSR ¶ 14. On December 17, 2017, law enforcement executed a search warrant at the defendant's home and seized from his bedroom a quantity of marijuana, a bottle of promethazine

3

that had the name of the prescribed patient scratched off, a 9mm handgun magazine, and a Taurus .45 caliber handgun. PSR ¶ 19. The defendant was convicted of possessing marijuana in 2014 and the probation granted to him on that offense was revoked in 2015 based in part on his continued drug use. PSR ¶ 45. The defendant was convicted of possession of drug paraphernalia in January of 2018 stemming from an arrest in September of 2017. PSR ¶ 50. Finally, the defendant admitted to his habitual and daily use of marijuana and codeine up to the day of his arrest for the instant offense during the presentence report interview. PSR ¶¶ 70-71. Based on the uncontroverted evidence, the defendant was a prohibited person at the time of the instant offense and as such, the resulting base offense level is 14 under USSG §2K2.1(a)(6).

## THE TWO-LEVEL ADJUSTMENT IS WARRANTED UNDER USSG §2K2.1(b)(1)(A)

USSG §2K2.1(b)(1)(A) provides for a two-level upward adjustment if the offense and relevant conduct involved three to seven firearms. USSG §2K2.1(b)(1)(A). In applying USSG §2K2.1(b)(1)(A), all firearms "unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed" shall be considered. USSG §2K2.1, n.5.

At the time of David Aikoriegie's arrest, he gave a detailed and specific account of the burglaries he committed, the number of firearms he obtained, and the manner in which he sold the firearms obtained from the burglaries. PSR ¶ 18. Aikorieigie specifically admitted to selling six of the stolen firearms to the defendant. *Id.*

4

Aikoriegie's statement is corroborated in part by the defendant's own admission during his plea colloquy that he sold one of the firearms stolen by Aikoriegie to a cooperating defendant. *See generally* PSR ¶ 13. Aikoriegie's statements are further corroborated by the defendant's social media postings in the days surrounding his arrest that document his possession of two separate firearms with red and green lasers. PSR ¶ 14. Finally, the firearm-related evidence seized from the defendant's bedroom, which included a Taurus .45 caliber handgun and an ammunition magazine for a 9mm handgun, also corroborates Aikoriegie's statements. PSR ¶ 19. In the event the defendant persists in his objection, additional evidence supporting the application of USSG §2K2.1(b)(1)(A) will be presented to the Court but even the uncontroverted evidence contained within the Presentence Investigation Report supports the defendant's possession of at least three firearms during the offense and his attendant relevant conduct.

## THE FOUR-LEVEL ADJUSTMENT IS WARRANTED UNDER USSG §2K2.1(b)(6)(B)

USSG §2K2.1(b)(6)(B) provides for a four-level increase to the base offense level if the defendant "used or possessed any firearm … in connection with another felony offense." USSG §2K2.1(b)(6)(B). In *United States v. Walker*, the Eighth Circuit Court of Appeals ruled a violation for Carrying Weapons under Iowa Code Section 724.4 qualifies as another felony offense for purposes of Section 2K2.1(b)(6)(B). *United States v. Walker*, 771 F.3d 449, 452-53 (8th Cir. 2014).

At the time of the offense, Iowa Code § 724.4(1) provided, "a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the

5

limits of any city, goes armed with a pistol or revolver ... whether concealed or not ... commits an aggravated misdemeanor." Iowa Code § 724.4(1) (2015). A person goes armed with a pistol or revolver if it is deliberately kept on or about the person and is readily accessible. *See State v. Alexander*, 322 N.W.2d 71, 72 (Iowa 1982). The uncontroverted evidence contained within the Presentence Investigation Report establishes the defendant violated Iowa Code § 724.4(1) by going armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city went armed with the pistol he ultimately sold. During his plea colloquy, the defendant admitted selling one of the firearms stolen by Aikoriegie to a cooperating defendant in a public place in Des Moines, Iowa. *See generally* PSR ¶ 13. In order to conduct the sale, the defendant would naturally have needed to transport and arm himself with the firearm he intended to sell. Additionally at the time of the sale, the defendant was prohibited person for the reasons cited above and as such he committed the offense of unlawful user of controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) at the time of the sale. The defendant's commission of these offenses therefore qualifies for the four-level increase under USSG §2K2.1(b)(6)(B).

**THE DEFENDANT DOES NOT QUALIFY FOR A MITIGATING ROLE ADJUSTMENT UNDER USSG §3B1.2**

The United States Sentencing Guidelines contemplates a four-level reduction for those "who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, cmt. n. 4. The application of this reduction is reserved

for those defendants who only play a part in the offense and are "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, cmt. n. 3(A). "Minimal participants are those with 'insignificant' involvement in the criminal activity." *United States v. Goodman*, 509 F.3d 872, 875 (8th Cir. 2007). The defendant bears the burden of establishing his minimal-participant status. *Id*.

The defendant cannot meet his burden as the instant offense was not committed by a group during which the defendant only played a nominal part. The defendant pled guilty to the unlawful sale of a stolen firearm. He was not charged with conspiratorial conduct or alleged to have sold the firearm at the behest or direction of any other individual. Given the defendant singularly committed the charged offense, there can be no assessment of relative role and his involvement cannot be considered insignificant as he solely committed the elements of the charged offense.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 40 MONTHS'**

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;

7

> 5. any pertinent policy statement;
> 6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> 7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence within the sentencing guidelines range which in this case is 40 months'.

The instant offense and surrounding relevant conduct is serious. The offense and surrounding relevant conduct involves the defendant's black market sale of up to six firearms that had been stolen from a series of metro area gun store burglaries. PSR ¶¶ 13, 14, 18. The illegal dissemination of that number of firearms poses a significant public safety risk. The defendant's decision to seek financial gain regardless of the clear public risk created by placing these firearms into the hands of individuals who cannot otherwise legally possess firearms evidences a callous disregard for the community and highlights the steps the defendant was willing to take to turn a quick profit.

The identifiable threat the defendant poses to the public is further compounded by the nature and extent of his criminal history. The defendant's first contact with the criminal justice system was at the age of 16, involved an act of violence, and his delinquent conduct was so problematic it resulted him being placed at the Boys State Training School in Eldora, Iowa, the most restrictive placement available in Iowa's juvenile delinquency system. PSR ¶ 41.

Upon reaching the age of majority, the defendant's criminal conduct not only failed to dissipate but continued to center around violence. PSR ¶¶ 42, 47, 49. At the age of 18, the defendant was convicted of disorderly conduct that left his victim with

8

a bleeding left ear. PSR ¶42. At the age of 23, the defendant was convicted of assaulting his mother. PSR ¶ 47. A year later, he was convicted of harassment in second degree wherein he threatened to kill a police officer. PSR ¶ 49. During the intervening years, the defendant was convicted of criminal mischief, possession of a controlled substance, harassment of a public official, theft in the third degree, and possession of drug paraphernalia. PSR ¶¶ 44-46, 48, 50.

The defendant has received a wealth of rehabilitative services over the years designed to remediate his criminal behaviors to include placement at the Fort Des Moines Residential Facility. PSR ¶ 45. Unfortunately, the defendant has been resistant to these opportunities and has violated the terms and conditions of a prior probation by continuing to use controlled substances, failing to appear for scheduled appointments, failing to abide by the rules of the Fort Des Moines Correctional Facility, and ultimately by absconding for roughly six months. *Id.* The defendant's inability or unwillingness to curb his criminal behavior despite these extensive services highlights his recidivist nature. His wanton disregard for supervisory expectations associated with community-based corrections warrant incapacitation.

Finally, the defendant's personal characteristics fail to mitigate his culpability. The defendant's history of substance abuse has remained persistent notwithstanding multiple opportunities at treatment. PSR ¶¶ 70-75. The defendant has received ample support from his family but he has continued to struggle notwithstanding that support. PSR ¶ 62. By the defendant's account, his upbringing was free from abuse. PSR ¶ 59. In short, the biographical information contained with the Presentence

9

Investigation Report describes an individual who by all accounts has been given the tools and support he needs to be successful but has demonstrated little internal motivation to change.

The defendant's prior criminal history and biographical information, when coupled with his current conduct, evidences disrespect for the law and presents a compelling danger to the community that merits a meaningful penalogical response.

## CONCLUSION

For these reasons, the Court should impose a sentence of incarceration within the sentencing guidelines range, which in this case is 40 months' imprisonment.

    Respectfully Submitted,

    Marc Krickbaum
    United States Attorney

By: */s/ Stephan K. Bayens*
    Stephan K. Bayens
    Assistant United States Attorney
    United States Courthouse Annex
    110 East Court Avenue, Suite 286
    Des Moines, Iowa 50309-2053
    Tel: (515) 473-9300
    Fax: (515) 473-9292
    Email: stephan.bayens@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail   \_\_\_\_ Fax   \_\_\_\_ Hand Delivery

_X_ ECF/Electronic filing   \_\_ Other means (email)

UNITED STATES ATTORNEY
By: *S. Bayens, AUSA*